IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

SHANNON L. HAWKINS                                    Plaintiff

v.                              3:08CV00124 JTK

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                              Defendant

### MEMORANDUM AND ORDER

Plaintiff, Shannon L. Hawkins, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits.  Both parties have submitted appeal briefs and the case is ready for decision. [1]  Plaintiff also filed a reply brief.  (Docket #19)

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as

_____

[1]The parties have consented to the jurisdiction of the Magistrate Judge.  (Docket #4)

well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.   <u>Sultan v. Barnhart</u>, 368 F.3d 857, 863 (8th Cir. 2004); <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 423(d)(1)(A).   A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was limited in his ability to work by joint problems.   (Tr. 86)   The Commissioner found that he was not disabled within the meaning of the Social Security Act.   The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through February 1, 2008, the date of his decision.   (Tr. 24)   On June 13, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the

Commissioner.   (Tr. 2-4)   Plaintiff then filed his complaint initiating this appeal.   (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is not supported by substantial evidence and that the case should be remanded.

Plaintiff was 35 years old at the time of the hearing.   (Tr. 587)  He is a high school graduate.   (Tr. 587-88)  He testified that he had approximately 16 college hours.[2]   (Tr. 588)   He has past relevant work as a machine set up worker in a factory, a construction worker and a maintenance construction worker.   (Tr. 22, 73-80, 87-88, 94-99, 604)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.   The first step involves a determination of whether the claimant is involved in substantial gainful activity.   20 C.F.R. § 404.1520(a)(4)(I) (2007).   If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience.   Id. § 404.1520(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.   Id. § 404.1520(a)(4)(ii).   If not, benefits are denied.   Id.   A "severe" impairment significantly limits a claimant's ability to perform basic work activities.   Id. § 404.1520(c).

Step 3 involves a determination of whether the severe

_____

[2]On one form, he indicated that he had completed one year of college.  (Tr. 92)

impairment(s) meets or equals a listed impairment.  Id. § 404.1520(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  Id. § 404.1520(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  Id. § 404.1520(a)(4)(iv).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id. § 404.1520(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.[3]  (Tr. 15)  He then found:

> The record establishes that the claimant has fibromyalgia, ankle injury (post-operative reconstruction in service), hyperligamental elasticity, osteoarthritis, reflux esophagitis and GERD (gastroesophageal reflux disease), rotator cuff syndrome, depressive disorder, psychogenic pain (NOS), and chronic pain at multiple sites (joints)(Exhibit 1F-6F).
>
> After review of the medical exhibits, I find that the claimant has a severe impairment within the meaning of the Social Security Regulations.

---

[3]Plaintiff originally alleged an onset date of January 1, 1995. (Tr. 46)  At the hearing, the ALJ incorrectly stated the alleged onset was January 1, 1985.  (Tr. 587)  It makes no difference.  At the hearing, Plaintiff was allowed to amend his alleged onset date to July 10, 2004.  Id.

(Tr. 15)   Taking these two statements together, the Court is persuaded that the ALJ found Plaintiff's fibromyalgia, ankle injury (post-operative reconstruction in service), hyperligamental elasticity, osteoarthritis, reflux esophagitis and GERD (gastroesophageal reflux disease), rotator cuff syndrome, depressive disorder, psychogenic pain (NOS), and chronic pain at multiple sites (joints) were "severe" impairments.  This conclusion is reinforced by the ALJ's later finding:

> The medical evidence establishes that the claimant has fibromyalgia, ankle injury (post-operative reconstruction in service), hyperligamental elasticity, osteoarthritis, reflux esophagitis and GERD (gastroesophageal reflux disease), rotator cuff syndrome, depressive disorder, psychogenic pain (NOS), and chronic pain at multiple sites (joints) (Exhibit 1F-6F), but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.

(Tr. 23)  Had the ALJ found some of those impairments to be less than "severe," it was incumbent upon him to clearly so state in his opinion.

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. Groeper v. Sullivan, 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991).  In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether claimant is "disabled" or "not disabled." Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir. 1988).  Instead, testimony of a vocational expert must be taken. Groeper, 932 F.2d at 1235.  The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines. Thompson, 850 F.2d at 349-350 (emphasis added).

5

Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir. 1993)(emphasis in original); accord, McGeorge v. Barnhart, 321 F.3d 766, 768-69 (8th Cir. 2003); Holley v. Massanari, 253 F.3d 1088, 1093 (8th Cir. 2001); Holz v. Apfel, 191 F.3d 945, 947 (8th Cir. 1999).

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997); Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 404.1520(c) (2007). It has "more than a minimal effect on the claimant's ability to work." Hudson v. Bowen, 870 F.2d 1392, 1396 (8th Cir. 1989); accord, Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007); Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007). The ALJ found Plaintiff had "severe" depressive disorder and psychogenic pain,[4] not otherwise specified. (Tr. 15, 23)

Since Plaintiff had at least one nonexertional impairment (significantly limiting his ability to do basic work activities), reliance on the Medical-Vocational Guidelines was error; it invaded the province of the vocational expert. Sanders v. Sullivan, 983 F.2d 822, 823-24 (8th Cir. 1992).

Based on this error and the record as a whole, the Court finds that the ALJ's decision is not supported by substantial evidence.

---

[4]Pain has long been considered a nonexertional impairment. E.g., Baker v. Barnhart, 457 F.3d 882, 894 (8th Cir. 2006); Haley v. Massanari; 258 F.3d 742, 747 (8th Cir. 2001); Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir. 1991); Prince v. Bowen, 894 F.2d 283, 287 (8th Cir. 1990). According to a Social Security Ruling and regulations, however, it is only a symptom. Social Security Ruling 96-4p n.2; accord, 20 C.F.R. §§ 404.1528(a), 404.1529, 416.928(a), 416.929 (2006) (2007).

Therefore, the ruling of the Commissioner must be reversed and the matter remanded for a reevaluation of Plaintiff's ability to work.

Accordingly, the Commissioner's decision is reversed and remanded for action consistent with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).

IT IS SO ORDERED.

DATED this 22nd day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

7